**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

CORY DEONTRA BRADLEY
REG #31675-044                                                                                    PLAINTIFF

V.                                    2:11CV00153 JMM/JTR

T.C. OUTLAW,
Warden, FCI-Forrest City                                                                    DEFENDANT

# PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

## INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Cory Deontra Bradley, is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas ("FCI-FC"). He has filed a *pro se* Complaint and an Amended Complaint pursuant to the Federal Tort Claims Act

("FTCA")[1] and *Bivens*.[2] *See* docket entries #1 and #5.

Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that: (1) Officer Meadows, Nurse Wyatt, Psychologist Spitz, and the United States be added as Defendants; (2) Plaintiff be allowed to proceed with his *Bivens* and FTCA claims against Defendants Meadows, Wyatt, Spitz, and the United States; and (3) all other claims and Defendants be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[3]

---

[1] The FTCA waives sovereign immunity and allows plaintiffs to hold the United States vicariously liable for negligent or otherwise wrongful acts committed by federal employees in the scope of their employment. *See* 28 U.S.C. § 1346; *Dykstra v. U.S. Bureau of Prisons,* 140 F.3d 791, 795 (8th Cir. 1998).

[2] In *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Court held that victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as § 1983 provides redress for constitutional violations by state officials. *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining that "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

[3] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

## II.  Discussion

**A.     Plaintiff's *Bivens* and FTCA Claims against Meadows, Wyatt, Spitz, and the United States**

Plaintiff contends that his Eighth Amendment rights and the FTCA were violated when:  (1) Officer Meadows failed to protect him from being attacked, on March 29, 2011, by another inmate; (2) Nurse Wyatt failed to provide him with adequate medical care for the injuries he suffered during that attack; and (3) Psychologist Spitz failed to provide him with adequate mental health treatment for paranoia.  *See* docket entries #1 and #5.  The Court concludes, for *screening purposes only*, these allegations constitute facially viable *Bivens* and FTCA claims.

Plaintiff's *Bivens* claims must be brought against the individuals who allegedly violated his constitutional rights.  *See* 28 U.S.C. § 1983; *Hartje v. Fed. Trade Comm'n,* 106 F.3d 1406, 1408 (8th Cir. 1997).  Thus, Officer Meadows, Nurse Wyatt, and Psychologist Spitz should be added as Defendants in regard to Plaintiff's *Bivens* claims.[4]

In contrast, an FTCA claim can only be brought against the United States.  *See* 28 U.S.C. § 1346(b)(1); *Duncan v. Dept. of Labor*, 313 F.3d 445, 447 (8th Cir. 2002).

---

[4]  Although Plaintiff did not list these three individuals in the caption of his Complaint or Amended Complaint, he clearly named them in the body of his pleadings. *See* docket entries #1 and #5.

Thus, the United States should be added as a Defendant in regard to Plaintiff's FTCA claim.

## B.     Plaintiff's Claims Against Defendant Outlaw

Plaintiff has named Defendant FCI-FC Warden Outlaw as a Defendant. *See* docket entries #1 and #5. As previously mentioned, the United States is the only proper Defendant in an FTCA action. Thus, Plaintiff cannot pursue an FTCA claim against Defendant Outlaw.

As to Plaintiff's *Bivens* claims, it is well settled that a supervisor may not be held vicarious liable for constitutional violations of a subordinate on a respondeat superior theory. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (U.S. 2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948.

Plaintiff alleges that, during his weekly tour of the Unit, Defendant Outlaw refused to stop at Plaintiff's cell door "and listen to my issues." *See* docket entry #5 at 4. Importantly, Plaintiff does *not* contend that he raised his concerns in any

grievances sent to Defendant Outlaw or that he otherwise put him on actual notice of his "issues." *See Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010) (explaining that supervisors can be held liable if they fail to take corrective action after receiving actual notice of a constitutional violation); *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007) (same). In fact, Plaintiff concedes that he pursued his issues, through the FTCA grievance procedure, and not within the prison grievance system.[5] *See* docket entry #5.

Thus, the Court concludes that Plaintiff has failed to state a viable *Bivens* or FTCA claim against Defendant Outlaw. Accordingly, he should be dismissed, without prejudice, from this action.

**C.     Plaintiff's Equal Protection Claims**

In his Complaint, Plaintiff stated, without any explanation, that his equal protection rights were violated. *See* docket entry #1 at 5. On September 9, 2011, the Court ordered Plaintiff to file an Amended Complaint clarifying, among other things, "who violated his equal protection rights, and how he or she did so." *See* docket entry

---

[5] A prisoner exhausts his administrative remedies regarding an FTCA claim by filing a claim directly with the Bureau of Prisons ("BOP") Regional Office. *See* 28 C.F.R. § 543.31. In contrast, a prisoner exhausts his administrative remedies in regard to a *Bivens* claim by filing a grievance with the FCI-FC prison staff, appealing any unfavorable decision to the FCI-FC Warden, and then appealing to the BOP Regional Office. *See* 28 C.F.R. § 542.13 to 542.15.

#2 at 3.

Despite these clear instructions, Plaintiff's Amended Complaint does not contain any facts suggesting that he was singled out based upon a suspect classification or that he was otherwise treated differently from similarly situated prisoners. *See Patel v. U.S. Bureau of* Prisons, 515 F.3d 807, 815-16 (8th Cir. 2008) (explaining that two the elements for an equal protection claim); *Nolan v. Thompson,* 521 F.3d 983, 989-90 (8th Cir. 2008) (same). Thus, he has failed to state a viable equal protection claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Officer Meadows, Nurse Wyatt, Psychologist Spitz, and the United States be ADDED as Defendants.

2. Plaintiff be allowed to PROCEED, under *Bivens*, with his Eighth Amendment failure to protect and inadequate medical care claims against Defendants Meadows, Wyatt, and Spitz.

3. Plaintiff be allowed to PROCEED with his FTCA claims against Defendant United States.

4. All other claims and Defendants be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

5.	The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Partial Disposition would not be taken in good faith.

Dated this *30th* day of November, 2011.

                                                                        /s/ J. Thomas Ray
                                             UNITED STATES MAGISTRATE JUDGE