**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

CORY DEONTRA BRADLEY
REG #31675-044 PLAINTIFF

V. 2:11CV00153 JMM/JTR

RONNIE MEADOWS, Officer,
FCI-Forrest City, et al. DEFENDANTS

# ORDER OF DISMISSAL

## I. Introduction

Plaintiff, Cory Deontra Bradley, is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas. He has filed a *pro se* action alleging that Defendants violated the Federal Torts Claim Act ("FTCA") and his constitutional rights. *See* docket entries #1, #5, and #48. Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *See* docket entries #40, #41, and #42. Plaintiff has filed a Response, a Supplemental Response, a Statement of Facts, and an Addendum. *See* docket entries #45, #50, #53, and #54. For the following reasons, the Motion will be granted and the case dismissed, without prejudice.

## II. Discussion

### A. Plaintiff's *Bivens* Claims Against Defendants Meadows, Weyant, Spitz, and McIntyre

Plaintiff alleges that Defendants Officer Meadows, Nurse Weyant, Dr. Spitz, and Dr. McIntyre violated his Eighth Amendment rights as protected by *Bivens*.[1] *See* docket entries #1, #5, and #48. Specifically, he contends that: (1) on March 29, 2011, Defendant Meadows failed to protect him from being beaten by inmate Wynn;[2] (2) Defendant Weyant failed to provide him with adequate medical care for the injury he suffered during the fight with Wynn;[3] (3) Defendants Spitz and McIntyre failed to provide him with adequate mental health care for paranoia; and (4) Defendants Spitz and McIntyre denied his May 2011 requests for protective custody and a single man

---

[1] In *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Court held that victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as § 1983 provides redress for constitutional violations by state officials. *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining that "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

[2] According to Officer Meadows' Incident Report, Plaintiff and Wynn had a fist fight in the TV room of the C-4 Unit. *See* docket entry #42 at 27. In contrast, Plaintiff alleges that Wynn attacked him with a "weapon of some sort." *See* docket entry #5 at 4.

[3] According to Defendant Weyant's Progress Notes, Plaintiff's only injury was a "small cut" or "abrasion" under his left armpit. *See* docket entry #42 at 29-30. No bleeding was noted, and no medical treatment was necessary. *Id.* In contrast, Plaintiff contends that he "suffered a cut" under his left arm. *See* docket entry #5 at 4.

cell. *Id.*

Defendants Meadows, Weyant, Spitz, and McIntyre argue that the *Bivens* claims must be dismissed, without prejudice, because Plaintiff has failed to properly exhaust his administrative remedies. *See* docket entries #40 and #41. This argument is well taken.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is to give prison officials the opportunity to rectify the perceived problem before the courts become involved. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002) (explaining that the exhaustion requirement applies to federal prisoners who have filed a *Bivens* action). Importantly, the Eighth Circuit has clarified that § 1997e(a) requires inmates to: (1) *fully* exhaust their administrative remedies as to *each separate* claim raised in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court.[4] *See*

[4] To fully exhaust administrative remedies in regard to a *Bivens* claim, a prisoner must: (1) file an informal Inmate Request to Staff Member; (2) submit a Request for Administrative Remedy to the Warden; (3) appeal the Warden's response to the Regional Director; and (4) appeal the Regional Director's response to the General Counsel in the Central Office (form BP-11). *See* docket entry #42, Ex. A;

*Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (emphasis added).

It is *undisputed* that Plaintiff did not fully and properly exhaust his prison administrative remedies regarding *any* of his *Bivens* claims prior to filing this lawsuit on August 29, 2011.[5] *See* docket entry #42, Ex. A; docket entries #45, #50, #53, and #54.

Plaintiff explains that he did not so because monetary damages are unavailable in the prison grievance system. *See* docket entries #45 and #50. However, in *Booth v. Churner*, 532 U.S. 731 (2001), the Court held that the PLRA requires an inmate to complete the prison grievance process even though it does not permit an award of monetary damages.

Plaintiff also contends that, in late September of 2011, a prison counselor told him that he could only obtain monetary damages by filing an FTCA claim. *See* docket entries #45 and #50. Thus, Plaintiff mistakenly believed that he was not required to use the prison grievance process. *Id.*

---

*see also* 28 C.F.R. § 542.10 to 542.15.

[5] In November of 2011, Plaintiff filed a Request for Administrative Remedy regarding the denial of his request for a single man cell. *See* docket entry #42, Ex. A. However, Plaintiff *began* the grievance process regarding that claim three months *after* he filed this lawsuit in August of 2011. As previously discussed, the PLRA requires an inmate to *complete* the exhaustion process *before* filing a lawsuit in federal court.

It is well settled that a prisoner's subjective and possibly incorrect understanding of the prison grievance process is irrelevant to a determination of whether there has been proper exhaustion. *See Hahn v. Armstrong*, Case No. 10-1785, 2011 WL 135740 (8th Cir. Jan. 18, 2011) (unpublished decision); *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

More importantly, Plaintiff allegedly received the misleading information in late September of 2011, which was a month *after* he filed his Complaint. As previously explained, the PLRA requires a prisoner to *complete* all stages of the prison grievance process *before* filing a complaint in federal court. Thus, any misunderstanding Plaintiff may have had in September of 2011 is irrelevant.

Finally, Plaintiff asks the Court to grant him an extension of time so that he may properly exhaust his administrative remedies. *See* docket entry #45. However, the Supreme Court has clarified that exhaustion is mandatory, and that unexhausted claims must be dismissed, without prejudice, if they have not been fully and properly exhausted prior to the filing of the complaint. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Thus, Plaintiff's *Bivens* claims against Defendants Meadows, Weyant, Spitz, and McIntyre are dismissed, without prejudice.

**B. Plaintiff's FTCA Claims Against Defendant United States**

Plaintiff also brings an FTCA claim against Defendant United States.[6] *See* docket entries #1 and #5. Specifically, he contends that Defendant United States is vicariously liable for the other Defendants' allegedly negligent failure to: (1) protect him from being beaten, on March 29, 2011, by inmate Wynn; (2) provide him with proper medical care for the injury he suffered during that fight; (3) properly treat his paranoia; and (3) grant his May 2011 requests for protective custody and a single man cell. *Id.*

Defendant United States argues that Plaintiff has not properly exhausted his administrative remedies in regard to these FTCA claims. *See* docket entries #40 and #41.

Before filing an FTCA claim in federal court, a plaintiff must file an administrative claim with the appropriate federal agency, which in this case is the Federal Bureau of Prisons ("BOP").[7] *See* 28 U.S.C. § 2675(a); *McNeil v. U.S.*, 508

---

[6] The FTCA waives sovereign immunity and allows plaintiffs to hold the United States vicariously liable for negligent or otherwise wrongful acts committed by federal employees in the scope of their employment. *See* 28 U.S.C. § 1346; *Dykstra v. U.S. Bureau of Prisons*, 140 F.3d 791, 795 (8th Cir. 1998).

[7] Exhaustion of a *Bivens* claim, under the PLRA, is different from exhaustion of an FTCA claim. As previously explained, exhaustion of a *Bivens* claim requires a prisoner to fully comply with all four stages of the internal prison grievance procedure. In contrast, to exhaust an FTCA claim, a prisoner must file an administrative claim directly with the BOP, and obtain a final ruling. No further

U.S. 106, 111 (1993); *McCoy v. U.S.*, 264 F.3d 792, 794-95 (8th Cir. 2001). Administrative exhaustion of an FTCA claim is mandatory, and the prisoner must complete the administrative process before filing an FTCA claim in federal court. *McNeil*, 508 U.S. at 111-13.

The purpose of the FTCA exhaustion requirement is to give the "federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit." *Mader v. U.S.*, 654 F.3d 794, 801 (8th Cir. 2011). Thus, in the administrative claim, a plaintiff must provide the federal agency with sufficient information to conduct an investigation, which includes "the identity of the claimants and the nature of the claims." *Farmers State Savs. Bank v. Farmers Home Admin.*, 866 F.2d 276, 277 (8th Cir. 1989) (internal citations omitted).

The issue in this case is whether Plaintiff provided the BOP with sufficient information about the nature of the claims that he currently raises in this federal lawsuit.

---

appeals are required.

Additionally, exhaustion under the FTCA is a matter of subject matter jurisdiction. *See Allen v. U.S.*, 590 F.3d 541, 544 (8th Cir. 2009). Thus, a trial court may consider, *sua sponte*, exhaustion of an FTCA claim. *Id.* In contrast, exhaustion of a *Bivens* claim, under the PLRA, is an affirmative defense that must be raised and proved by the defendant. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

On April 22, 2011, Plaintiff filed an administrative claim with the BOP. The form directed Plaintiff to: "State *in detail* the known facts and circumstances . . . identifying *persons* and property involved, the place of the occurrence and the *cause* thereof. Use additional pages if necessary." *See* docket entry #42 at 21 (emphasis added). Immediately below these clear instructions, Plaintiff wrote: "I suffered a wound under my arm on [my] upper rib cage from a weapon used by another inmate." *Id.* Plaintiff did not provide any other details about the nature of his claim.

The BOP denied Plaintiff's April 22 administrative claim because "it claim is for a personal injury suffered as a result of a fight," and "[y]ou have provided no evidence of, *nor alleged*, any wrongdoing by an employee of the United States." *Id.* at 23 (emphasis added).

On June 26, 2011, Plaintiff filed a second administrative claim. *See* docket entry #9 at 4. Once again, the form instructed Plaintiff to: "State *in detail* the known facts and circumstances . . . identifying *persons* and property involved, the place of the occurrence and the *cause* thereof. Use additional pages if necessary." *Id.* (emphasis). This time, Plaintiff gave a more detailed explanation of what occurred on March 29, 2011. Specifically, he explained that:

> Inmate Wynn and I had a disagreement about the TV in C-4 TV room. I had tried to explain to inmate Wynn how the TV arrangement goes since he was new to the compound. Inmate Wynn left the TV room and later came back. We step[ped] out the TV room and talked. I again

> tried to explain to inmate Wynn about the TV arrangement. He then walked away. I returned back to the TV room later. Inmate Wynn returned and began to swing at me. Out of self defense, I jumped back and stuck my arm out. Throughout the struggle, I suffered a cut under my arm above my rib cage. For pain and suffering, I would like to be awarded a sum of $40,000 for the injury and the amount of mental distress caused.
>
> Some form of a weapon caused me to suffer a wound about 2 inches in length 3 cm wide. The struggle has caused me mental distress. I'm now in fear of my life, and I'm not receiving no help.

*Id.*

The BOP denied Plaintiff's June 26 administrative claim because it was duplicative of his April 22 administrative claim. *Id.* at 1.

Clearly, neither the April 22 nor the June 26 administrative claim alleged that federal employees negligently treated Plaintiff's paranoia or improperly denied his May 2011 requests for protective custody and a single man cell. Thus, Plaintiff has not exhausted his administrative remedies in regard to either of these two FTCA claims.

Plaintiff's two remaining FTCA claims have similar exhaustion problems. The April 22 and June 26 administrative claims also do not mention that federal employees allegedly caused the fight and failed to protect Plaintiff from Wynn's attack. To the contrary, according to the June 26 administrative claim, Plaintiff thought his verbal argument with Wynn was over, and he was *surprised* when Wynn subsequently

reentered the TV room and attacked him. Additionally, Plaintiff did not allege, as he currently does in this federal lawsuit, that Defendant Meadows negligently left the control booth outside the TV and thus, failed to stop the fight sooner.

Further, neither the April 22 nor the June 26 administrative claims alleged that Plaintiff received negligent medical care for the minor injury he suffered during his fight with Wynn. In fact, the BOP denied Plaintiff's April 22 administrative claim because it thought he was trying to hold the Government liable for Wynn's conduct, and not for any alleged wrongdoing by a federal employee. In sum, neither Plaintiff's April 22 nor his June 26 administrative claims gave the BOP sufficient information so that it could "meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle" any of Plaintiff's negligence claims which are now being asserted in this case under the FTCA. *See Mader*, 654 F.3d at 801; *Farmers State Savs. Bank*, 866 F.2d at 277; *see also Allen v. U.S.*, 590 F.3d 541, 544 (8th Cir. 2009) (explaining that: "While we will liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize that there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made"). Thus, Plaintiff's FTCA claims against Defendant United States are dismissed, without prejudice.

## III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Defendants' Motion for Summary Judgment (docket entry #40) is GRANTED, and this case is DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this 18 day of May, 2012.

James M. Moody

UNITED STATES DISTRICT JUDGE