**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

CORY DEONTRA BRADLEY
REG #31675-044                                                                              PLAINTIFF

V.                                      2:11CV00153 JMM/JTR

RONNIE MEADOWS, Officer,
FCI-Forrest City, et al.                                                                    DEFENDANTS

## ORDER

### I. Introduction

Plaintiff, Cory Deontra Bradley, is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas. He has recently filed a Motion for Protective Order, which is more properly characterized as a Motion for Preliminary Injunction. *See* docket entry #55. For the following reasons, the Motion will be denied.

### II. Discussion

In August of 2011, Plaintiff filed this *pro se* action alleging that Defendants violated the Federal Torts Claim Act and his constitutional rights when they failed to: (1) protect him from being beaten by another inmate on March 29, 2011; (2) provide him with adequate medical care for the injury he suffered during that fight; (3) provide him with adequate mental health care for paranoia; and (4) grant him protective

custody and a single man cell. *See* docket entries #1 and #5.

On May 9, 2012, Plaintiff filed a Motion alleging that Defendants and other prison officials are currently retaliating against him, in numerous ways, for filing this lawsuit.[1] *See* docket entry #55. Accordingly, he asks the Court to issue an Order directing that he be immediately transferred to another federal prison that "is within 500 miles of his home state of Missouri." *Id.* at 2.

When deciding whether to grant a prisoner preliminary injunctive relief, a court must consider: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *Bear v. Kautzky*, 305 F.3d 802, 805 (8th Cir. 2002) (citing *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 113 (8th Cir. 1981)). Importantly, the movant bears the burden of establishing that he is entitled to a preliminary injunction. *Roudachevski v. All-Am. Care Ctrs., Inc.,* 648 F.3d 701, 705 (8th Cir. 2011). Additionally, the Eighth Circuit has emphasized that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v.*

---

[1] The Court has previously denied Plaintiff permission, on two occasions, to amend his Complaint to add his retaliation claims to this lawsuit. *See* docket entries #48 and #56.

*Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

Keeping these principles in mind, the Court concludes that Plaintiff's request for a preliminary injunction should be denied because he has not demonstrated a threat of irreparable harm or the likelihood of success on the merits of his underlying claims.[2]

Additionally, a party requesting a preliminary injunction must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In this case, Plaintiff has failed to establish a relationship between the alleged retaliation and the conduct asserted in his Complaint (i.e., failure to protect, inadequate medical treatment, and denial of protective custody status and a single man cell). *See, e.g., Devose*, 42 F.3d at 471 (affirming the denial of a prisoner's request for a preliminary injunction because his allegations of recent retaliation for filing the lawsuit were "entirely different from" the inadequate medical care claims and relief requested in his § 1983 complaint); *Owens v. Severin*, Case No. 08-1418, 2008 WL 4240153 (Sept. 18, 2008) (unpublished opinion) (affirming the denial of a prisoner's request for a preliminary injunction because "the relief sought was unrelated to the allegations in

---

[2] In fact, the Court has determined that Defendants' Motion for Summary Judgment has merit. *See* docket entry #40.

his [§ 1983] complaint").

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.  Plaintiff's Motion for a Protective Order (docket entry #55), which has been construed as a Motion for a Preliminary Injunction, is DENIED.

2.  The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this   18   day of May, 2012.

                                                                        UNITED STATES DISTRICT JUDGE